# EXHIBIT A

FILED
12/30/2020 6:59 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Krystal Torres

**2020CI24863**

CAUSE NO. _____

| | | |
|---|---|---|
| JOE SALINAS, Individually and on Behalf of the Estate of ELODIA SALINAS, Deceased | § § § § § § | IN THE DISTRICT COURT |
| VS. | § § § | __57th__ JUDICIAL DISTRICT |
| SOUTHEAST SNF LLC d/b/a SOUTHEAST NURSING & REHABILITATION CENTER; TEXAS OPERATIONS MANAGEMENT LLC d/b/a SOUTHEAST NURSING & REHABILITATION CENTER; and ADVANCED HCS LLC d/b/a ADVANCED HEALTHCARE SOLUTIONS d/b/a SOUTHEAST NURSING & REHABILITATION CENTER | § § § § § § § § § § § § § § | BEXAR COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **JOE SALINAS, Individually and on Behalf of the Estate of ELODIA SALINAS, Deceased**, Plaintiff in the above-styled and numbered cause (hereinafter called "Plaintiff"), complaining of **SOUTHEAST SNF LLC d/b/a SOUTHEAST NURSING & REHABILITATION CENTER; TEXAS OPERATIONS MANAGEMENT LLC d/b/a SOUTHEAST NURSING & REHABILITATION CENTER; and ADVANCED HCS LLC d/b/a ADVANCED HEALTHCARE SOLUTIONS d/b/a SOUTHEAST NURSING & REHABILITATION CENTER** (hereinafter called "Defendants"), and for cause of action, would respectfully show unto the Court as follows:

# I.
# DISCOVERY PLAN

Pursuant to Rule 190.1 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff intends to conduct discovery in this case pursuant to a Level 3 Discovery Control Plan.

# II.
# PARTIES

Plaintiff, **JOE SALINAS, Individually and on Behalf of the Estate of ELODIA SALINAS, Deceased,** is a resident of Bexar County, Texas. Joe Salinas is the son and heir of Elodia Salinas and brings this case individually and on behalf of the Estate of Elodia Salinas. No administration is pending, and none is necessary.

Defendant **SOUTHEAST SNF LLC d/b/a SOUTHEAST NURSING & REHABILITATION CENTER** is a Domestic Limited Liability Company and can be served by and through its registered agent Interstate Agent Services, LLC, at 11700 Preston Road, Ste. 660-238, Dallas, Texas 75230.

Defendant **TEXAS OPERATIONS MANAGEMENT LLC d/b/a SOUTHEAST NURSING & REHABILITATION CENTER** is a Domestic Limited Liability Company and can be served by and through its registered agent Interstate Agent Services, LLC, at 12830 Hillcrest Road, Suite 111, Dallas, Texas 75230.

Defendant **ADVANCED HCS LLC d/b/a ADVANCED HEALTHCARE d/b/a SOUTHEAST NURSING & REHABILITATION CENTER** is a Domestic Limited Liability Company and can be served by and through its registered agent Interstate Agent Services, LLC, at 12830 Hillcrest Road, Suite 111, Dallas, Texas 75230.

### III.
### JURISDICTION

The Court has jurisdiction in this case based on appropriate subject matter (medical malpractice) and based upon sufficient amount in controversy.

### IV.
### NOTICE

Plaintiff would show that, in accordance with TEXAS CIVIL PRACTICE AND REMEDIES CODE, §74.051 and §74.052, the Defendants herein have been placed on notice of Plaintiff's claims.

### V.
### VENUE

All or a substantial part of the events made the basis of this lawsuit occurred in Bexar County, Texas. Thus, pursuant to the CIVIL PRACTICE AND REMEDIES CODE § 15.002(a)(1), venue is proper in Bexar County, Texas.

### VI.
### FACTUAL BACKGROUND AND NEGLIGENCE

Plaintiff would further show that at all times relevant hereto, Defendants **SOUTHEAST SNF LLC d/b/a SOUTHEAST NURSING & REHABILITATION CENTER; TEXAS OPERATIONS MANAGEMENT LLC d/b/a SOUTHEAST NURSING & REHABILITATION CENTER; and ADVANCED HCS LLC d/b/a ADVANCED HEALTHCARE SOLUTIONS d/b/a SOUTHEAST NURSING & REHABILITATION CENTER,** are, own, operate, or manage a health care facility which held, and does hold itself out to the general public, including the Plaintiff herein, as a

health care facility which is competent and qualified to provide health care services, with all the necessary care and precaution expected of long term care facilities.

**SOUTHEAST NURSING & REHABILITATION CENTER** is a skilled nursing facility and nursing home located in San Antonio, Texas. **SOUTHEAST NURSING & REHABILITATION** is owned, operated and/or managed by Defendants **SOUTHEAST SNF LLC** and **TEXAS OPERATIONS MANAGEMENT LLC** and **ADVANCED HCS LLC d/b/a ADVANCED HEALTHCARE SOLUTIONS**.

**SOUTHEAST NURSING & REHABILITATION CENTER** is a for profit, one hundred sixteen (116) bed facility that participates in Medicare and Medicaid reimbursement programs. As a Medicare and Medicaid provider, Defendants are required to comply with both federal and state laws and regulations.

On March 15, 2020, Texas Health and Human Services provided "Expanded Guidance to Nursing Facilities to Prevent Spread of COVID-19 in Texas". The HHS stated that "Nursing facilities must implement screening protocols for anyone entering their facility" and "must screen staff for COVID-19 using guidelines issued by the Centers for Medicare and Medicaid Services". HHS also stated that "Long-term care facilities in Texas are required to maintain strong infection prevention and control programs to prevent the spread of communicable diseases" and "check for fever of staff…".

Defendants **SOUTHEAST SNF LLC d/b/a SOUTHEAST NURSING & REHABILITATION CENTER; TEXAS OPERATIONS MANAGEMENT LLC d/b/a SOUTHEAST NURSING & REHABILITATION CENTER; and ADVANCED HCS LLC d/b/a ADVANCED HEALTHCARE SOLUTIONS d/b/a SOUTHEAST NURSING**

**& REHABILITATION CENTER** did not comply with HHS Rules. The staff of **SOUTHEAST NURSING & REHABILITATION CENTER**, for which Defendants are vicariously liable, did not comply with HHS Rules and did not provide reasonable care to **ELODIA SALINAS**. Defendants did not wash their hands, did not screen staff entering the facility, did not check for fever of staff, and did not maintain an infection prevention and control program to prevent the spread of COVID-19. Further, the Defendants failed to put into place proper policies to ensure that the residents were provided standard infection prevention care and failed to ensure that the HHS Rules were complied with by the staff. Defendants were notified that there were blatant violations of these requirements and regulations by staff members, including the failure of the staff to protect residents from infection with COVID-19.

**ELODIA SALINAS** was an elderly person and was owed the duty of reasonable care by Defendants, taking into consideration her known mental and physical condition. **ELODIA SALINAS** was an 87-year-old woman and was admitted as a resident to **SOUTHEAST NURSING & REHABILITATION CENTER** for rehab following hospitalization on or about March 25, 2020. **ELODIA SALINAS** was a resident of **SOUTHEAST NURSING & REHABILITATION CENTER** in March and April 2020 and was under the care of the Defendants. **ELODIA SALINAS** was at risk for infection and injury due to her age and comorbidities. Due to the breaches in the standard of care by Defendants, **ELODIA SALINAS** acquired COVID-19 and suffered injury and death.

**ELODIA SALINAS** tested positive for COVID-19 while a resident of, and under the care of, **SOUTHEAST NURSING & REHABILITATION CENTER** on or about April

2, 2020. Plaintiff alleges that **ELODIA SALINAS** was not isolated from other residents who tested positive for COVID-19 and, therefore, **ELODIA SALINAS** was unreasonably exposed to the virus. **ELODIA SALINAS** died on April 10, 2020. The significant condition contributing to her death was COVID-19, as stated in her death certificate.

As of May 15, 2020, at least 74 residents and 28 staff members of **SOUTHEAST NURSING & REHABILITATION CENTER** have been infected with COVID-19, and 18 residents and 1 staff member have died due to COVID-19 infection.

On October 25, 2019, approximately five months prior to the COVID-19 outbreak at Defendants' facility, **SOUTHEAST NURSING & REHABILITATION CENTER** was investigated by Texas Health and Human Services. HHS cited Defendants for deficient care, including failure to "provide and implement an infection prevention and control program". HHS specifically found that Defendants' employees were not washing their hands and were in violation of the Facility policy titled "Hand Hygiene", which required that staff involved in direct resident contact must "perform proper hand hygiene procedures to prevent the spread of infection to other personnel, residents, and visitors".

Plaintiff believes that Defendants **SOUTHEAST SNF LLC d/b/a SOUTHEAST NURSING & REHABILITATION CENTER; TEXAS OPERATIONS MANAGEMENT LLC d/b/a SOUTHEAST NURSING & REHABILITATION CENTER; and ADVANCED HCS LLC d/b/a ADVANCED HEALTHCARE SOLUTIONS d/b/a SOUTHEAST NURSING & REHABILITATION CENTER** were systematically understaffed in March and April of 2020 in an effort to maximize profits. This understaffing was extremely dangerous to both the residents and staff of the facility. The

Texas Administrative Code states that a nursing home must have sufficient staff to provide nursing and related services to attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident. Plaintiff believes that Defendants were understaffed by approximately 20% from the CMS expected staffing levels, based on staffing data available from 2017 and 2018.

Plaintiff would show that as a direct and proximate result of the acts and/or omissions committed during the Defendants' substandard, inadequate and negligent medical care and treatment, **ELODIA SALINAS** suffered severe injuries, pain, and death.

## VII.
## NEGLIGENCE

Plaintiff believes and alleges that Defendant **SOUTHEAST SNF LLC d/b/a SOUTHEAST NURSING & REHABILITATION CENTER,** acting by and through their agents, agents by estoppel, ostensible agents, nurses, servants, representatives, and/or employees, committed certain acts and/or omissions in the medical/nursing care and treatment of the Plaintiff, **ELODIA SALINAS**, which constituted negligence, and that such negligent acts and/or omissions include, but are not limited to, the following:

1. Failing to properly, adequately and/or timely evaluate **ELODIA SALINAS'** medical condition;

2. Failing to properly care plan **ELODIA SALINAS'** medical condition;

3. Failing to administer proper and/or adequate nursing care and treatment to **ELODIA SALINAS;**

4. Failing to provide **ELODIA SALINAS** with a safe and healthy environment;

5. Failing to implement and follow proper protocols and procedures to prevent the spread of infection to **ELODIA SALINAS**;

6. Failing to provide the necessary care and treatment to **ELODIA SALINAS** to prevent infection;

7. Failing to properly monitor and treat **ELODIA SALINAS** once she contracted COVID-19;

8. Failing to report and treat changes in condition of **ELODIA SALINAS** and advocate for her needs;

9. Failing to timely transfer **ELODIA SALINAS** to a higher level of care;

10. Failing to have adequate and sufficient staff;

11. Failing to create, follow and implement proper policies and procedures to prevent the spread of infection of COVID-19;

12. Failing to follow disease-control regulations and guidelines;

13. Failing to supervise its staff's compliance with COVID-19 regulations and guidelines.

Plaintiff believes and alleges that Defendant **TEXAS OPERATIONS MANAGEMENT LLC d/b/a SOUTHEAST NURSING & REHABILITATION CENTER,** acting by and through their agents, agents by estoppel, ostensible agents, nurses, servants, representatives, and/or employees, committed certain acts and/or omissions in the medical/nursing care and treatment of the Plaintiff, **ELODIA SALINAS**, which constituted negligence, and that such negligent acts and/or omissions include, but are not limited to, the following:

1. Failing to properly, adequately and/or timely evaluate **ELODIA SALINAS'** medical condition;

2. Failing to properly care plan **ELODIA SALINAS'** medical condition;

3. Failing to administer proper and/or adequate nursing care and treatment to **ELODIA SALINAS;**

4. Failing to provide **ELODIA SALINAS** with a safe and healthy environment;

5. Failing to implement and follow proper protocols and procedures to prevent the spread of infection to **ELODIA SALINAS**;

6. Failing to provide the necessary care and treatment to **ELODIA SALINAS** to prevent infection;

7. Failing to properly monitor and treat **ELODIA SALINAS** once she contracted COVID-19;

8. Failing to report and treat changes in condition of **ELODIA SALINAS,** and advocate for her needs;

9. Failing to timely transfer **ELODIA SALINAS** to a higher level of care;

10. Failing to have adequate and sufficient staff;

11. Failing to create, follow and implement proper policies and procedures to prevent the spread of infection of COVID-19;

12. Failing to follow disease-control regulations and guidelines;

13. Failing to supervise its staff's compliance with COVID-19 regulations and guidelines.

Plaintiff believes and alleges that Defendant **ADVANCED HCS LLC d/b/a ADVANCED HEALTHCARE SOLUTIONS d/b/a SOUTHEAST NURSING & REHABILITATION CENTER,** acting by and through their agents, agents by estoppel, ostensible agents, nurses, servants, representatives, and/or employees, committed certain acts and/or omissions in the medical/nursing care and treatment of the Plaintiff, **ELODIA SALINAS**, which constituted negligence, and that such negligent acts and/or omissions include, but are not limited to, the following:

1. Failing to properly, adequately and/or timely evaluate **ELODIA SALINAS'** medical condition;

2. Failing to properly care plan **ELODIA SALINAS**' medical condition;

3. Failing to administer proper and/or adequate nursing care and treatment to **ELODIA SALINAS;**

4. Failing to provide **ELODIA SALINAS** with a safe and healthy environment;

5. Failing to implement and follow proper protocols and procedures to prevent the spread of infection to **ELODIA SALINAS**;

6. Failing to provide the necessary care and treatment to **ELODIA SALINAS** to prevent infection;

7. Failing to properly monitor and treat **ELODIA SALINAS** once she contracted COVID-19;

8. Failing to report and treat changes in condition of **ELODIA SALINAS** and advocate for her needs;

9. Failing to timely transfer **ELODIA SALINAS** to a higher level of care;

10. Failing to have adequate and sufficient staff;

11. Failing to create, follow and implement proper policies and procedures to prevent the spread of infection of COVID-19;

12. Failing to follow disease-control regulations and guidelines;

13. Failing to supervise its staff's compliance with COVID-19 regulations and guidelines.

Further, Defendants **SOUTHEAST SNF LLC d/b/a SOUTHEAST NURSING & REHABILITATION CENTER; TEXAS OPERATIONS MANAGEMENT LLC d/b/a SOUTHEAST NURSING & REHABILITATION CENTER; and ADVANCED HCS LLC d/b/a ADVANCED HEALTHCARE SOLUTIONS d/b/a SOUTHEAST NURSING & REHABILITATION CENTER** were negligent in management, budgeting, and in hiring practices, retention practices, staffing practices, orientation and training practices,

and in supervision of employees, employing incompetent staff without regard to the safety of **ELODIA SALINAS** as well as in ministerial failures. Plaintiff would show that each and all of the above and foregoing acts and/or omissions on the part of the Defendants herein constitute negligence, and each and all were a direct and proximate cause of Ms. Salina's exposure and contraction of COVID-19 and her death.

## VIII.
## GROSS NEGLIGENCE

Plaintiff would show that Defendants **SOUTHEAST SNF LLC d/b/a SOUTHEAST NURSING & REHABILITATION CENTER; TEXAS OPERATIONS MANAGEMENT LLC d/b/a SOUTHEAST NURSING & REHABILITATION CENTER; and ADVANCED HCS LLC d/b/a ADVANCED HEALTHCARE SOLUTIONS d/b/a SOUTHEAST NURSING & REHABILITATION CENTER** committed gross negligence.  A corporation is independently liable for the performance of its absolute or nondelegable duties, which includes:

1) the duty to provide rules and regulations for the safety of employees and to warn them as to hazards of their positions or employment;

2) the duty to furnish reasonably safe machinery or instrumentalities with which its employees are to labor;

3) the duty to furnish its employees with a reasonably safe place to work; and

4) the duty to exercise ordinary care to select care and competent co-employees.

Defendants breached these nondelegable duties by failing to provide rules regarding COVID-19 minimization, failing to provide a reasonably safe nursing home, and failing to hire competent employees.

These failures constitute gross negligence. Defendants were aware of the recent history of staff failing to control infection and failing to follow hand hygiene requirements. Defendants were also aware of the COVID-19 outbreak within Texas, the HHS requirements, and the particular vulnerability of **ELODIA SALINAS** should a COVID-19 outbreak occur at the facility. Defendants were also aware of the significant and systematic understaffing at the facility. Despite this knowledge, Defendants proceeded with conscious indifference to the violations. These acts, when viewed objectively from the Defendants' standpoint, involve an extreme degree of risk considering the probability and magnitude of harm.

## IX.
## DAMAGES

**JOE SALINAS, Individually and on Behalf of the Estate of ELODIA SALINAS, Deceased** brings this action pursuant to section 71.002 and 71.021 of the Texas Civil Practice and Remedies Code. As a proximate cause of the occurrence made the basis of this lawsuit, Plaintiff has sustained substantial damages to which they are entitled under Sections 71.002 and 71.021 of the Texas Civil Practice and Remedies Code.

As a direct result of the occasion in question, Plaintiff on behalf of the Estate of **ELODIA SALINAS**, deceased, is entitled to money damages for the conscious pain, suffering, and mental anguish, physical impairment, and disfigurement that **ELODIA**

**SALINAS** sustained as a result of the negligence of Defendants. Plaintiff on behalf of the Estate of **ELODIA SALINAS** also brings this cause of action for medical expenses and funeral expenses and exemplary damages which were incurred as a result of negligence of the Defendant and incurred on behalf of **ELODIA SALINAS.**

As a result of Defendants' negligent acts and omissions causing the death of **ELODIA SALINAS**, **JOE SALINAS** has suffered in the past, and will continue to suffer in the future, damages including but not limited to, mental anguish, grief, bereavement, loss of society and loss of companionship. Accordingly, Plaintiff seeks to recover for past and future damages pursuant to the Texas Wrongful Death Act, as codified in Chapter 71 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

## X.
## DECLARATORY JUDGMENT AND REQUEST FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

NOW COMES **JOE SALINAS, Individually and on Behalf of the Estate of ELODIA SALINAS, Deceased**, Plaintiff in the above-styled and numbered cause (hereinafter called "Plaintiff"), and files this Motion for Declaratory Judgment and Motion for Temporary Restraining Order and Temporary Injunction against Defendant **SOUTHEAST SNF LLC d/b/a SOUTHEAST NURSING & REHABILITATION CENTER** (hereinafter called "Defendant"), and for cause of action, would respectfully show unto the Court as follows:

Plaintiff **JOE SALINAS, Individually and on Behalf of the Estate of ELODIA SALINAS, Deceased** brings this action pursuant to Chapter 37 of the Texas Civil Practice

and Remedies Code. Plaintiff seeks a Declaration from this court with regards to the medical records of **ELODIA SALINAS**.

Defendant **SOUTHEAST SNF LLC d/b/a SOUTHEAST NURSING & REHABILITATION CENTER** refuses to produce a complete set of medical records for **ELODIA SALINAS**. Plaintiff sent a proper medical authorization and request for records on October 23, 2020.

Defendant **SOUTHEAST SNF LLC d/b/a SOUTHEAST NURSING & REHABILITATION CENTER's** refusal to produce **ELODIA SALINAS's** medical records is a violation of Texas Civil Practice and Remedies Code § 74.051, Texas Health & Safety Code § 181.102 and §324.001, 40 TAC § 19.403, 40 TAC § 19.1912, and 45 C.F.R. §164.524.

Plaintiff seeks a declaration from the Court that Plaintiff is entitled to the complete medical records of **ELODIA SALINAS** from Defendant. Plaintiff further prays for costs, attorney's fees, and any other relief, at law or equity, to which she is entitled.

Plaintiff further seeks a temporary injunction and an *Ex Parte* temporary restraining order pursuant to Texas Rule of Civil Procedure 680 to preserve the status quo of the subject matter of this Declaratory Judgment. Plaintiff asks that the necessity of a bond be waived. Plaintiff is without an adequate remedy at law. Plaintiff seeks an immediate injunction during the pendency of this suit preventing Defendant from altering, destroying, unlawfully distributing, or otherwise impairing **ELODIA SALINAS'** medical records. Plaintiff further seeks an order that the Defendant be compelled to produce to Plaintiff the medical records of **ELODIA SALINAS**.

Plaintiff has a probable right to relief in the underlying Declaratory Judgment because the law clearly requires Defendant to produce the records when a statutorily compliant authorization has been provided.  This authorization and request have been provided and Defendant has not objected to the authorization or raised any legal issue as to why the records are not being produced.

Plaintiff will suffer a probable injury should the injunction not be granted. Defendant is in control of the medical records and has shown a willingness to ignore State and Federal law by refusing to produce the records, and therefore could destroy or alter the records. There is not adequate time to hold a hearing on the temporary order because there will be irreparable harm to Plaintiff if there is further delay due to the fact that Defendant is in control of the only existing records.  If the records are destroyed, or altered, there will be irreparable injury to Plaintiff because there is no other source or copy of the records and Defendant is in control of Plaintiff's medical records.  The medical records are material to this lawsuit and are needed to further prove the Plaintiff's cause of action and show damages due to the negligence of Defendant.

## XI.
## JURY DEMAND

Plaintiff hereby requests a trial by jury.

WHEREFORE, PREMISE CONSIDERED, Plaintiff prays the Defendants be duly cited to appear and answer herein, and that upon final trial of this cause, Plaintiff has and recover a judgment of and from the Defendants herein, in an amount within the jurisdictional limits of this court, for both pre-judgment and post-judgment interest as

allowed by law, plus costs of court, and for such other and further relief, both general and special, at law or in equity, to which the Plaintiff may be justly entitled.

          Respectfully submitted,

          **JANICEK LAW FIRM, PC**
          1100 NE Loop 410, Suite 600
          San Antonio, Texas  78209
          210.366.4949 *Telephone*
          210.979.6804 *Facsimile*
          andrew@janiceklaw.com

By:   */s/Andrew J. Skemp*
          **ANDREW J. SKEMP**
          State Bar No. 24075082
          **BETH S. JANICEK**
          State Bar No. 00788495
          *Attorneys for Plaintiffs*

## VERIFICATION

STATE OF TEXAS              )
                            )
COUNTY OF BEXAR             )

Before me, the undersigned authority, personally came and appeared ANDREW SKEMP, known by me to be the person whose name is subscribed to the above Petition and who, on being duly sworn, stated that he executed the same as his act and deed, and that the allegations contained in the Plaintiff's Declaratory Judgment and Request for Temporary Restraining Order and Temporary Injunction are, to his knowledge, true and correct.

_____
ANDREW SKEMP

Subscribed and sworn to before me on this the 30 day of December 2020.

SARA VALICKUS
Notary Public, State of Texas
Comm. Expires 03-21-2022
Notary ID 131497780

_____
Notary Public